**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD KEER | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:15-cv-00080-ER |
| | ) | |
| vs. | ) | |
| | ) | |
| CACH, LLC and X, Y, Z CORPORATIONS | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S, CACH, LLC, ANSWER TO PLAINTIFF'S, DONALD KEER, COMPLAINT TOGETHER WITH AFFIRMATIVE DEFENSES**

Defendant, CACH, LLC (hereinafter also referred to as "Answering Defendant" and/or "CACH"), by and through its counsel, Spector Gadon & Rosen, P.C., hereby answers Plaintiff's, Donald Keer, Complaint, together with Affirmative Defenses and avers as follows:

1. Denied. Denied also as a conclusion of law.

2. Denied. Denied also as a conclusion of law.

3. Denied. Denied as a conclusion of law.

4. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations comprised in Paragraph 4 of Plaintiff's Complaint and they are denied.

5. Denied. Denied also as a conclusion of law.

6. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 5 of Plaintiff's Complaint as though set forth in full herein.

7. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations comprised in Paragraph 7 of Plaintiff's Complaint and they are denied.

8. Denied. Denied also as a conclusion of law.

9. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 8 of Plaintiff's Complaint as though set forth in full herein.

10. Denied. Denied also as a conclusion of law.

11. Denied. Denied as a conclusion of law.

12. Denied. Denied also as a conclusion of law.

13. Admitted in part and denied in part. It is admitted only that on or about November 13, 2012 any alleged civil action directed allegedly against Plaintiff in the Court of Common Pleas of Bucks County, Pennsylvania, Docket No. 2012-09725 speaks for itself. As to all remaining averments comprised in Paragraph 13 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

14. Admitted in part and denied in part. It is admitted only that the proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 14 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

15. Admitted in part and denied in part. It is admitted only that any alleged proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 15 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

16. Admitted in part and denied in part. It is admitted only that any alleged proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks

County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 16 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

17. Admitted in part and denied in part. It is admitted only that any alleged proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 17 of Plaintiff's Plaintiff they are denied. Denied also as a conclusion of law.

18. Denied. Denied as a conclusion of law.

19. Denied. Denied as a conclusion of law.

20. Denied. Denied also as a conclusion of law.

21. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as though set forth in full herein.

22. Denied. Denied also as a conclusion of law.

23. Denied. Denied as a conclusion of law.

24. Denied. Denied also as a conclusion of law.

25. Admitted in part and denied in part. It is admitted only that the attached exhibits speak for themselves. As to the remaining averments comprised in Paragraph 25 of Plaintiff's Complaint they are denied.

26. Admitted in part and denied in part. It is admitted only that the attached exhibits speak for themselves. As to the remaining averments comprised in Paragraph 26 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

27. Denied. Denied also as a conclusion of law.

28. Admitted in part and denied in part. It is admitted only that the alleged October 23, 2004 correspondence referred to in Paragraph 28 of Plaintiff's Complaint speaks for itself. As to all remaining averments comprised in Paragraph 28 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

29. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as though set forth in full herein.

30. Denied. Denied also as a conclusion of law.

31. Denied. Denied also as a conclusion of law.

32. Denied. Denied as a conclusion of law.

33. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations comprised in Paragraph 33 of Plaintiff's Complaint and therefore they are denied.

34. Admitted in part and denied in part. It is admitted only that any alleged proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 34 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

35. Admitted in part and denied in part. It is admitted only that on or about November 13, 2012 any alleged civil action directed allegedly against Plaintiff in the Court of Common Pleas of Bucks County, Pennsylvania, Docket No. 2012-09725 speaks for itself. As to all remaining averments comprised in Paragraph 35 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

36. Admitted in part and denied in part. It is admitted only that any alleged

proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 36 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

37. Admitted in part and denied in part. It is admitted only that any alleged proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 37 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

38. Admitted in part and denied in part. It is admitted only that any alleged proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 38 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

39. Admitted in part and denied in part. It is admitted only that any alleged proceedings as recorded on the Docket for the alleged July 11, 2013 Arbitration held in Bucks County, Pennsylvania for the referenced Civil action Case No. 2012-09725 speaks for itself. As to any and all remaining allegations comprised in Paragraph 39 of Plaintiff's Complaint they are denied. Denied also as a conclusion of law.

40. Denied. Denied as a conclusion of law.

41. Denied. Denied as a conclusion of law.

42. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations comprised in Paragraph 42 of Plaintiff's Complaint and

therefore they are denied. Denied also as a conclusion of law.

43. Denied. Denied also as a conclusion of law.

44. Denied. Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations comprised in Paragraph 44 of Plaintiff's Complaint and therefore they are denied. Denied as a conclusion of law.

45. Denied. Denied as a conclusion of law.

46. Denied. Denied as a conclusion of law.

47. Denied. Denied as a conclusion of law.

48. Denied. Denied also as a conclusion of law.

49. Denied. The averments comprised in Paragraph 49 of Plaintiff's Complaint are so vague, ambiguous, capable of different meanings and understandings and lacking in sufficient detail making any response thereto potentially misleading and therefore prejudicial and they are denied.

50. Denied. Denied also as a conclusion of law.

51. Denied. Denied also as a conclusion of law.

52. Denied. Denied also as a conclusion of law.

53. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 52 of Plaintiff's Complaint as though set forth in full herein.

54. Denied. Denied also as a conclusion of law.

55. Denied. Denied as a conclusion of law.

56. Denied. Denied as a conclusion of law.

57. Denied. Denied also as a conclusion of law.

58. Denied. Denied also as a conclusion of law.

59. Denied. Denied also as a conclusion of law.

60. Denied. Denied also as a conclusion of law.

61. Denied. Denied also as a conclusion of law.

62. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 61 of Plaintiff's Complaint as though set forth in full herein.

63. Denied. Denied also as a conclusion of law.

64. Denied. Denied also as a conclusion of law.

65. Denied. Denied also as a conclusion of law.

66. Answering Defendant incorporates by way of reference its responses to Paragraphs 1 through 65 of Plaintiff's Complaint as though set forth in full herein.

67. Denied. Denied also as a conclusion of law.

68. Denied. Denied also as a conclusion of law.

69. Denied. Denied also as a conclusion of law.

70. Denied. Denied also as a conclusion of law.

71. Answering Defendant denies any and all claims of liability and/or damages contained in Plaintiff's Complaint not specifically admitted herein.

**WHEREFORE**, Defendant, CACH, LLC, hereby requests judgment in its favor, and against Plaintiff, together with attorney's fees, costs and any other relief deemed just and proper.

**FIRST AFFIRMATIVE DEFENSE**

72. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against Answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

73. Plaintiff's damages are speculative and are not reasonably foreseeable.

**THIRD AFFIRMATIVE DEFENSE**

74. Plaintiff's alleged damages or claims are barred or substantially reduced because Plaintiff failed to mitigate the alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

75. Plaintiff's alleged damages or claims are limited or barred by applicable contractual provisions or agreements with the original creditor.

**FIFTH AFFIRMATIVE DEFENSE**

76. Plaintiff's alleged damages are, or may be, limited by statute.

**SIXTH AFFIRMATIVE DEFENSE**

77. Plaintiff's Complaint should be dismissed pursuant to the Statute of Limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

78. In the event of any alleged Fair Debt Collection Practices Act violations (specifically denied herein), such was not intentional and resulted from a bonafide clerical error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

**EIGHTH AFFIRMATIVE DEFENSE**

79. Plaintiff's damages may be barred or substantially reduced by the doctrine of set-off.

**NINTH AFFIRMATIVE DEFENSE**

80. Plaintiff's Complaint fails to state a cause of action under the Fair Debt Collection Practices Act against Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

81. Answering Defendant asserts all of the defenses available to it pursuant to the Fair Debt Collection Practices Act.

## ELEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims and/or remedies are limited by the Fair Debt Collection Practices Act.

## TWELFTH AFFIRMATIVE DEFENSE

83. Answering Defendant asserts all of the defenses available to it pursuant to the Fair Credit Reporting Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims and/or remedies are limited by the Fair Credit Reporting Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

85. Plaintiff's Complaint must be dismissed pursuant to 15 U.S.C. §1681(b)(a)(3)(A).

## FIFTEENTH AFFIRMATIVE DEFENSE

86. Plaintiff's case has no merit and therefore Answering Defendant seeks its attorney's fees and costs pursuant to 15 U.S.C. §1692(a)(3).

**WHEREFORE**, Defendant, CACH, LLC, hereby requests judgment in his favor, and against Plaintiff, together with attorney's fees, costs and any other relief deemed just and proper.

**SPECTOR GADON & ROSEN, P.C.**

Dated: January 15, 2015

By: /s/ Jonathan J. Greystone

Jonathan J. Greystone, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8927/(215) 241-8844 (fax)
jgreystone@lawsgr.com

Attorney for Defendant,
CACH, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD KEER | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:15-cv-00080-ER |
| | ) | |
| vs. | ) | |
| | ) | |
| CACH, LLC and X, Y, Z CORPORATIONS | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served the foregoing Answer to Plaintiff's Complaint together with Affirmative Defenses on all parties by causing true and correct copies thereof to be sent via ECF and U.S. Regular Mail, on January 15, 2015, addressed to the following:

Vicki Piontek, Esquire
951 Allentown Road
Lansdale, PA 19446

Law Offices of Allan C. Smith, P.C.
1276 Veterans Hwy, Suite E-1
Bristol, PA 19007

**SPECTOR GADON & ROSEN, P.C.**

Dated: January 15, 2015

By: /s/ Jonathan J. Greystone

Jonathan J. Greystone, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8927/(215) 241-8844 (fax)
jgreystone@lawsgr.com

Attorney for Defendant,
CACH, LLC